IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LANCE DARIN THOMPSON                                                                 PLAINTIFF

vs.                                          Civil No. 1:13-cv-01068

CAROLYN W. COLVIN                                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Lance Darin Thompson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.  **Background:**

Plaintiff protectively filed his disability applications on July 17, 2011 (DIB) and on July 19, 2011 (SSI).  (Tr. 18).  In these applications, Plaintiff alleges being disabled due to a knee injury, arthritis, high blood pressure, past heatstroke, and obesity.  (Tr. 145).  Plaintiff alleges an onset date of May 6, 2011.  (Tr. 145).  These applications were denied initially and again upon reconsideration.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

(Tr. 54-57). Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 74-83).

On September 6, 2012, this hearing was held in El Dorado, Arkansas. (Tr. 33-53). Plaintiff was present at this hearing and was represented by Donald Pullen. *Id.* Plaintiff and Vocational Expert ("VE") Elizabeth Clem testified at this hearing. *Id.* At this hearing, Plaintiff testified he was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 37). Plaintiff also testified he had a high school diploma. *Id.*

After the hearing, on September 28, 2012, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 18-28). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2016. (Tr. 20, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 6, 2011, his alleged onset date. (Tr. 30, Finding 2). The ALJ determined Plaintiff had the following severe impairments: osteoarthritis bilateral knees, wrist swelling, hypertension, and morbid obesity. (Tr. 20-21, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 21-26, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the

>claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant may occasionally lift and carry 10 pounds and frequently lift and carry less than 10 pounds; the claimant may stand and walk at least 2 hours in an 8-hour workday; the claimant may sit about 6 hours in an 8-hour workday; the claimant may occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; the claimant may occasionally balance, stoop, kneel, crouch and crawl; and the claimant may never work at unprotected heights.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 26, Finding 6). The VE testified at the administrative hearing regarding this issue and testified Plaintiff did not retain the capacity to perform his PRW. *Id.* The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 26-27, Finding 10). The VE also testified at the administrative hearing regarding this issue. *Id.*

Specifically, the VE testified, given all of these factors, Plaintiff retained the capacity to perform the requirements of representative occupations such as assembler (unskilled, sedentary) with 1,300 such jobs in Arkansas and 150,000 such jobs in the nation; dispatcher (semiskilled, sedentary) with 700 such jobs in Arkansas and 180,000 such jobs in the nation; and inspector or sorter (sedentary) with 1,100 such jobs in Arkansas and 140,000 such jobs in the nation. (Tr. 27). Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 26-27, Finding 10). Because he retained the capacity to perform other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from his alleged onset date of May 6, 2011 through the date of the ALJ's decision or through September 28, 2012. (Tr. 27, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable

decision. (Tr. 14). On August 30, 2013, the Appeals Council denied this request for review. (Tr. 1-3). On October 3, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 7, 2013. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff claims the following: (A) the ALJ improperly found his impairments did not meet the requirements of Listing 1.02; (B) the ALJ erred in discrediting his obesity and his "need to walk with a cane"; (C) the ALJ erred by concluding he retained the RFC for sedentary work; and (D) the ALJ erred in failing to submit a complete hypothetical to the VE.  ECF No. 10.  The Court will address all four of these arguments for reversal.

### A.     Listing 1.02

Plaintiff claims the ALJ erred by finding his impairments do not meet the requirements of Listing 1.02.  ECF No. 10 at 9-10.  Listing 1.02 requires the following:

> 1.02 Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s).  With A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b.

In his briefing, Plaintiff claims his impairments (especially the limitations caused by his knee pain) cause him to be unable "to ambulate effectively."  ECF No. 10 at 9-10.  Plaintiff, however, neglects to provide any demonstration that any of the *other* requirements of Listing 1.02 have been met.  *Id.*

Indeed, even assuming Plaintiff is unable "to ambulate effectively," he still has not demonstrated he has a "gross anatomical deformity" which is required for Plaintiff's impairments to meet the requirements of Listing 1.02.  Plaintiff has the burden of demonstrating his impairments meet all the requirements of Listing 1.02.  *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004)*.*  Here, Plaintiff has not met that burden.  Accordingly, the Court finds the ALJ did not err in finding Plaintiff's impairments do not meet the requirements of Listing 1.02.

### B.     Plaintiff's Obesity/Cane Usage

Plaintiff claims the ALJ improperly considered his obesity and his inability "to ambulate effectively."  ECF No. 10 at 11-13.  In making this argument, Plaintiff references no medical records that support his claim and requests the Court to instead engage in speculation.  *Id.*  Plaintiff asks the Court to reach the "reasonable" conclusion, based upon his impairments, that he is unable "to perform exertional activity at the sedentary level."  *Id.*

Indeed, the one medical record Plaintiff references does not support his claim. (Tr. 215). This record includes the results of a stress test completed on June 15, 2009. *Id.* In this report, the physician administering the test found the following: "IMPRESSION: 1. No chest pain. 2. No shortness of breath. 3. No arrhythmias. 4. Negative for ischemia." *Id.* Certainly these results do not support Plaintiff's claim that he is unable to perform sedentary work.

In his opinion, the ALJ stated he had considered Plaintiff's obesity in evaluating his RFC: "The effects of the claimant's obesity have been considered when determining a residual functional capacity for the claimant." (Tr. 21). The Court also considered Plaintiff's knee pain and found his "[o]steoarthritis bilateral knees" to be a severe impairment. (Tr. 20, Finding 3). Indeed, the ALJ limited Plaintiff to sedentary work partially due to his obesity and knee problems. (Tr. 21-26). Accordingly, the Court cannot find the ALJ erred in considered Plaintiff's walking limitations and obesity.

    C.    **RFC for Sedentary Work**

Plaintiff claims the ALJ erred in evaluating his RFC. ECF No. 10 at 13-15. Again, Plaintiff does not provide any specific support for his claims. Instead, he makes broad statements such as "[t]he medical evidence supports Plaintiff's restricted residual functional capacity due to his severe morbid obesity and other impairments in the record" and "Plaintiff's weight is causing his condition to deteriorate." *Id.* Plaintiff also generally claims (without support) that the ALJ erred in his evaluation of his subjective complaints. *Id.*

The Court has reviewed the ALJ's RFC determination. (Tr. 21-26, Finding 5). As noted above, the ALJ accounted for Plaintiff's obesity and walking restrictions in finding he was limited to sedentary work. *Id.* After reviewing Plaintiff's briefing, the Court cannot find the ALJ erred in

evaluating his limitations due to these impairments.

Further, despite Plaintiff's claim to the contrary, the ALJ did review the *Polaski* factors.[2] (Tr. 21-26). The ALJ then noted several inconsistencies between the medical records and Plaintiff's subjective complaints, including the following: (1) despite his subjective complaints of disabling pain, Plaintiff's treatment records reflect he "only sought treatment for his impairments every 3 to 6 months" and had never been "prescribed narcotic pain medications"; and (2) despite his subjective complaints of being unable to perform even sedentary work, he performs a number of daily activities including washing dishes, grilling, taking his grandmother to WalMart, caring for most of his personal needs, preparing his own meals "daily," mowing the lawn with a riding lawn mower, going "outside daily," and driving a "4 wheeler." (Tr. 21-26).

Based upon these findings, the ALJ did not err in evaluating Plaintiff's RFC, including his subjective complaints. *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (stating that if the ALJ explicitly discredits a claimant and gives "good reasons" for doing so, the appellate court will normally defer to the ALJ's determination).

### D.     Hypothetical to the VE

Plaintiff claims the ALJ's hypothetical to the VE was deficient because the ALJ did not include all of Plaintiff's alleged limitations in his hypothetical to the VE. ECF No. 10 at 15-16. The ALJ, however, is only required to include in his hypothetical to the VE those limitations *he finds to be credible. See Gragg v. Astrue,* 615 F.3d 932, 940 (8th Cir. 2010). Here, the ALJ included in his

---

[2] In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

hypothetical those limitations he found to be credible. (Tr. 49-50). As noted above, Plaintiff has not demonstrated having greater limitations than those found by the ALJ. Thus, there is no basis for reversal on this issue.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of December 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE